UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID TAYLOR,

    Petitioner,

vs.

JERRI ANN SHERRY,

    Respondent.
_____/

Civil Action No.
07-CV-14298

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS**

This matter is presently before the court on respondent's motion to dismiss [docket entry 6]. Petitioner has not responded. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide the motion without oral argument.

Petitioner was convicted in Wayne County Circuit Court of assault with intent to rob while armed and attempted car jacking. He was sentenced to a lengthy prison term as a fourth felony offender.[1] The conviction and sentence were affirmed by the Michigan Court of Appeals.[2] *See People v. Taylor*, 2006 WL 1628739 (Mich. App. June 13, 2006). The Michigan Supreme Court

---

[1] According to the Offender Tracking Information System, operated by the Michigan Department of Corrections, petitioner had previously been convicted of prison escape, unarmed robbery, and possession of narcotics. *See* http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=182366

[2] Petitioner indicates in ¶ 9(d) of his habeas petition that he raised only the following grounds in his direct appeal to the Michigan Court of Appeals: "Did the trial court reversibly err, denying Mr. Taylor a fair trial, where it improperly shifted the burden of proof, drew conclusions that were without record support, and improperly weighed Mr. Taylor's criminal past against him in determining credibility." The Michigan Court of Appeals considered and rejected this argument.

denied petitioner's application for leave to appeal. *See People v. Taylor*, 2006 WL 3072599 (Mich. Oct. 31, 2006). Petitioner pursued no other avenues of relief in state court.

In the instant habeas petition, petitioner asserts three grounds for contending that he is being held unlawfully: (1) the grounds presented in his direct appeal, *see* fn. 2, *supra*; (2) his trial and appellate counsel were ineffective; and (3) the trial court, the Michigan Court of Appeals, and the Michigan Supreme Court were biased and prejudiced and denied him due process and equal protection of law.

In her motion to dismiss, respondent correctly notes that the instant petition contains both exhausted and unexhausted claims. Only the first claim was presented to the Michigan Court of Appeals. *See Taylor*, 2006 WL 1628739, at *2. The second and third claims were not. Respondent "requests that the petition be dismissed without prejudice, allowing Petitioner the opportunity to exhaust state remedies." As noted above, petitioner has not responded. Nor has he offered to withdraw the unexhausted claims.

Generally, "mixed petitions" (i.e., those containing both exhausted and unexhausted claims) must be dismissed in order to enforce the longstanding requirement that a habeas petitioner, confined on the authority of a state court judgment, must first exhaust his remedies in state court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b)(1)(A). As the Supreme Court explained in *Rose*,

> [t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine

> of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."
>
> A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error. As the number of prisoners who exhaust all of their federal claims increases, state courts may become increasingly familiar with and hospitable toward federal constitutional issues. Equally as important, federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review.

455 U.S. at 518-19 (citations and footnote omitted). More recently, the Supreme Court held that district courts have the discretion to "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). While the Supreme Court authorized district courts to employ this "stay-and-abeyance" procedure, it cautioned them to limit its use to appropriate cases:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.
> . . .
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to

> grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

The court is not persuaded that "stay and abeyance" is appropriate is the present case. Petitioner has offered no explanation for failing to present his second and third claims to the Michigan courts, either as part of his direct appeal, which he did pursue, or as part of a motion for relief from judgment under MCR 6.502, which he did not. The court notes there is no time limit applicable to motions brought under MCR 6.502. Therefore, petitioner could have filed such a motion at any time after he was convicted.[3] Had he done so at any time prior to the expiration of the one-year limitations period applicable to habeas petitions, the limitations period would have been tolled while that motion was pending. *See* 28 U.S.C. § 2244 (d)(1), (d)(2). Instead, after the Michigan Supreme Court denied his application for leave to appeal on October 31, 2006, petitioner took no action for nearly a year when he finally filed the instant petition on October 10, 2007. The court can discern no "good cause" for petitioner's failure to present his second and third claims to the state courts. "In the absence of any explanation or justification, petitioner has not established 'good cause' for his failure to exhaust [unexhausted] claim[s]." *Williams v. Brunsman*, 2009 WL 88772, at *4 (S.D. Ohio Jan.12, 2009). *Accord Caporini v. Smith*, 2008 WL 4502669, at *4 (S.D. Ohio Oct. 02, 2008).

---

[3] The mere fact that petitioner is acting *pro se* does not constitute good cause for his failure to pursue available state court remedies. *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

4

While stay and abeyance is therefore inappropriate in the present case, the court shall nonetheless permit petitioner to withdraw his unexhausted claims and proceed solely with his first claim. As indicated by the Supreme Court in *Rhines*, "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." 544 U.S. at 278. In the present case, dismissal of the entire petition would preclude habeas review even of petitioner's exhausted claim, as the one-year limitations period in 28 U.S.C. § 2244(d)(1)(A) has expired. Accordingly,

IT IS ORDERED that respondent's motion to dismiss is denied.

IT IS FURTHER ORDERED that petitioner must notify the court and respondent in writing within thirty (30) days of the date of this opinion whether he is withdrawing his second (ineffective assistance of counsel) and third (due process and equal protection) claims. If petitioner withdraws those claims, the court will proceed to review only the first claim (trial error). If petitioner does not withdraw his second and third claims, or if he fails to inform the court and respondent of his intentions within thirty (30) days of the date of this opinion, the court will dismiss all three claims pursuant to *Rose v. Lundy*.

                                                      S/Bernard A. Friedman_____
Dated: March 9, 2009                    BERNARD A. FRIEDMAN
    Detroit, Michigan              SENIOR UNITED STATES DISTRICT JUDGE