UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID TAYLOR,

       Petitioner,                           Civil Action No. 07-CV-14298

vs.                                       HON. BERNARD A. FRIEDMAN

JEFFREY WOODS,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
<u>HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY</u>**

Petitioner David Robert Taylor was convicted at a bench trial in Wayne County Circuit Court of assault with intent to rob while armed and attempted car jacking. He was sentenced to a lengthy prison term as a fourth felony offender and his conviction and sentence were affirmed by the Michigan Court of Appeals. *See People v. Taylor*, No. 261722, 2006 WL 1628739 (Mich. App. June 13, 2006). The Michigan Supreme Court denied leave to appeal. *See People v. Taylor*, No. 131746, 2006 WL 3072599 (Mich. Oct. 31, 2006). Taylor pursued no other avenues of relief in state court.

Taylor filed his federal petition on October 10, 2007, raising the following claims:

I.      The trial court abused its discretion. The trial court reversibly erred, denying Mr. Taylor a fair trial, where it improperly shifted the burden of proof, drew conclusions that were without record support, and improperly weighed Mr. Taylor's criminal past against him in determining credibility.

II.     Trial and appellate counsel was ineffective.

III.    The trial court and Court of Appeals and Supreme Court all denied due process and equal protection of law.

Respondent moved to dismiss the petition on the grounds that petitioner had failed to exhaust state remedies with regard to the second and third claims of the petition. This court denied respondent's motion to dismiss, on the condition that petitioner withdraw his unexhausted claims and proceed solely on his first, exhausted claim. *See* docket entry 11. In compliance with this order, Taylor filed a notice withdrawing his second and third habeas claims. Respondent then filed his response to as amended. The matter is now fully briefed and ready for determination.

## FACTS

The factual findings of the Michigan courts are presumed correct on habeas review. *See* 28 U.S.C. § 2254(e)(1). The Michigan Court of Appeals recited the relevant facts as follows:

> On November 7, 2004, the victim left his job and traveled to a gas station to get coffee while on his break at 2:00 A.M. When he got out of his car at the gas station, defendant approached him and demanded his keys and his car. Defendant swung at the victim with a ten-inch ice pick or screwdriver. Defendant also demanded the victim's wallet. They fought briefly before the victim was able to get away and enter the gas station. Defendant entered a waiting van being driven by a friend and drove away. A bystander who witnessed the incident followed the van and obtained the license plate number.
>
> Both the driver of the van and the bystander testified that they saw defendant swing a screwdriver or ice pick at the victim and wrestle with him on the ground, eventually pulling the victim's shirt up over his head.
>
> Defendant gave a statement to the police after he was arrested in which he stated that he and a friend were trying to buy crack cocaine. Defendant thought he saw a "dope boy" at the gas station and intended to either get the cocaine on credit or rob the drug dealer. Defendant told the officer that the victim said something nasty to him and that they fought. According to the officer, defendant said that he had told the victim that "I'll get into your pockets".
>
> Defendant testified on his own behalf at trial. He generally agreed with the statement he had given to the police, but denied saying anything about robbing the drug dealer or getting into the victim's

pockets. He testified that the victim sprang at him as he walked past the victim's car, and that the victim asked him to perform a sex act for money. Defendant admitted wielding a screwdriver, but denied swinging it at the victim or trying to rob him.

The prosecutor attempted to impeach defendant with his prior record. However, the trial court did not allow defendant's prior record to be entered into evidence.

*People v. Taylor*, No. 261722, 2006 WL 1628739 at *1.

## LEGAL STANDARDS

This court applies the standards of review contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d):

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

Under the "contrary to" clause, this Court may grant habeas relief if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if the state court decides a case differently than the United States Supreme Court on a set of materially indistinguishable facts. *See Ayers v. Hudson*, 623 F.3d 301, 307 (6th Cir. 2010), *citing Williams v. Taylor*, 529 U.S. 362, 405 (2000). Under the "unreasonable application" clause, this court may grant habeas relief if "'the state court identifies the correct governing legal principle from [the Supreme Court's] decision but unreasonably applies that principle to the facts of the prisoner's case[,]' or if

3

a "state court decision either unreasonably extends or unreasonably refuses to extend a legal

principle from the Supreme Court precedent to a new context.'" *Id., quoting Harris v. Haeberlin*,

526 F.3d 903, 909 (6th Cir. 2008).

## ANALYSIS

Petitioner challenges his conviction on the following grounds:

The trial court abused its discretion. The trial court reversibly erred,
denying Mr. Taylor a fair trial, where it improperly shifted the burden
of proof, drew conclusions that were without record support, and
improperly weighed Mr. Taylor's criminal past against him in
determining credibility.

Respondent argues that petitioner has procedurally defaulted his habeas claim because he failed to

make contemporaneous objections at trial, the state courts relied on this failure in denying him relief

from judgment, and petitioner has failed to show cause and prejudice, or a fundamental miscarriage

of justice. In the alternative, the respondent argues that petitioner's claims are without merit.

Having reviewed the entire record, the court finds both that petitioner has procedurally defaulted his

habeas claims and that the claims are without merit.

A federal court may issue a writ of habeas corpus when a state prisoner is held in

custody in violation of the federal constitution or laws. The writ may not issue, however, if adequate

and independent state law grounds justify the prisoner's detention. *See Edwards v. Carpenter*, 529

U.S. 446, 454-55 (2000) (Breyer, J., concurring). When a state court declines to pass on a federal

claim because the claim was not presented in the manner prescribed by the state's procedural rules,

a federal court may review the claim under certain, limited circumstances. "Out of respect for

finality, comity, and the orderly administration of justice, a federal court will not entertain a

procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause

and prejudice to excuse the default." *Dretke v. Haley*, 541 U.S. 386, 388 (2004).

> The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner has failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds.

*Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (citations omitted).

To determine whether a claimed procedural default constitutes an adequate and independent state-law basis justifying petitioner's detention, the district court must apply the analysis set forth by the Sixth Circuit in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). The district court must first determine that there is a state procedural rule applicable to petitioner's claim with which petitioner failed to comply. *See id.* at 138. Second, the court must determine whether the state courts actually enforced the state procedural sanction. *See id.* Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal constitutional claim. *See id.*

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Id.*

"[T]he existence of cause for a procedural default . . . ordinarily turn[s] on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Alternately, a federal court may reach a petitioner's federal claims, even absent cause for the procedural default, if the petitioner can establish that failing to review the claim would result in a fundamental

5

miscarriage of justice. *See Coleman,* 501 U.S. at 750. This exception applies in cases where a constitutional violation has most likely resulted in the conviction of one who is actually innocent of the crime for which he was convicted. *See Dretke*, 541 U.S. at 393. Absent either cause and prejudice or a finding of actual innocence, a federal court may not reach the merits of a claim that has been procedurally defaulted. *See Williams v. Anderson*, 460 F.3d 789, 805-806 (6th Cir. 2006).

        In the present case, a review of the record shows that petitioner's habeas claim was procedurally defaulted in state court. The Michigan Court of Appeals reviewed his claim for plain error because he had not raised a contemporary objection at trial. *See People v. Taylor*, No. 261722, 2006 WL 1628739, at *2 ("In this case, defendant did not object at trial to any of the issues complained of on appeal. Therefore, the issues are not preserved for appeal . . . [and the court] reviews an unpreserved issue for plain error."). The Michigan contemporaneous objection rule is a firmly established and regularly followed procedural rule in the Michigan state courts. *See Jones v. Trombly*, 307 Fed. Appx. 931, 932 (6th Cir. 2009). The Michigan Court of Appeals' opinion is the last reasoned opinion in this case, and its reliance on the plain error rule subjects Taylor's claim to a procedural default analysis in this court. *See id.*[1]

        In order for this court to consider petitioner's claim, therefore, he must establish cause for failing to comply with the Michigan procedural rules and actual prejudice or, alternatively, a fundamental miscarriage of justice. To establish cause, petitioner must present a substantial reason to excuse the default. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v.*

---

        [1] This is true despite the fact that the state appellate court went on to review the merits of the claim under a plain error analysis. *See Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *Scott v. Mitchell*, 209 F.3d 854, 873 (6th Cir. 2000).

6

*Anderson*, 434 F.3d 412, 417 (6th Cir. 2006), *quoting Murray*, 477 U.S. at 488.  Petitioner asserts ineffective assistance of counsel as cause for his procedural default.

Ordinary attorney error does not constitute cause.  *See Murray*, 477 U.S. at 488. However, error by counsel that is constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), may establish cause to excuse procedural default.  *See Murray*, 477 U.S. at 488. The Supreme Court noted in *Murray* that a claim of ineffective assistance of counsel that a petitioner seeks to use to establish cause to excuse his procedural default is *itself* subject to an exhaustion requirement.  In other words, the exhaustion doctrine "generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it can be used to establish cause for a procedural default."  *Murray*, 477 U.S. at 489.   Since petitioner has not exhausted his ineffective assistance of counsel claim with the state courts, under *Murray* he may not use ineffective assistance of counsel to establish cause for his procedural default.

The failure to establish cause is sufficient to bar consideration of petitioner's procedurally defaulted claims, even without consideration of prejudice.  *See Murray*, 477 U.S. at 494-95.  The court notes, however, that petitioner is also unable to establish prejudice in light of the overwhelming evidence of guilt presented at petitioner's trial, including testimony by several eyewitnesses and admissions by the petitioner himself.

Finally, the petition does not establish a fundamental miscarriage of justice.  This exception requires new evidence of innocence that was not presented at trial.  *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).  In order to avail himself of this exception, a petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.  *See id.* at  327.  Petitioner does not present any evidence of actual

innocence or any new evidence that was not presented at trial. Thus, the exception for fundamental miscarriage of justice does not apply.

In sum, petitioner's habeas claim was procedurally defaulted in state court due to the failure to object at trial. This procedural default constitutes an adequate and independent basis to justify his detention under state law. Petitioner has not established cause and prejudice to excuse his procedural default or a fundamental miscarriage of justice. Habeas relief is therefore barred and the court will deny the petition.

Even if the court were to reach the merits of the claim, it would nonetheless deny habeas relief because petitioner has failed to establish that any constitutional violation occurred, much less that the Michigan courts unreasonably applied federal law in finding no violation. The Michigan Court of Appeals addressed the merits of petitioner's claims for purposes of determining whether the trial court committed plain error, as follows:

> Defendant argues that the trial court erred in bypassing the prosecutor for closing argument and asking defense counsel to give "one good reason why I should not convict your client as charged." Defendant claims that by doing so, the trial court shifted the burden of proof onto him to prove his innocence. Defendant also argues the trial court impermissibly surmised what he might have done when asked to perform sex for money when he was seeking money for drugs. Finally, defendant claims the court erroneously considered his prior criminal record in its ruling. Defendant made no objections to any of these allegations of error in the trial court.

> *    *    *

> The prosecutor has the burden in a criminal case to prove beyond a reasonable doubt the essential elements of a crime. The prosecutor must offer enough evidence for the reviewing court to conclude that a rational trier of fact could have found that the essential elements of the crime were established beyond a reasonable doubt. Circumstantial evidence and reasonable inferences drawn from it may be sufficient. *People v. Jolly*, 442 Mich. 458, 465-466; 502 NW2d 177 (1993).

In this case, the victim and two other witnesses testified to the assault. Defendant himself admitted to the physical altercation and to having a screwdriver that he produced at the scene. The victim testified that defendant tried to rob him of his car, car keys, and wallet. The trial court explicitly stated that it believed the victim's explanation of the events over defendant's. Moreover, the record does not support defendant's claim that the trial court considered his prior criminal record. In fact, the trial court specifically ruled that defendant's record was not admissible into evidence. Further, the court made no reference to defendant's criminal history in ruling on evidence. Also, the trial court's comments about exchanging sex for money were made in the context of determining the believability of defendant's testimony that the victim jumped out at defendant and propositioned him sexually, as defendant testified. The evidence showed that defendant was in search of money for drugs. The officer testified that defendant admitted to a plan to rob the drug dealer if that became necessary. The court's comments were merely a reflection on defendant's own statement and testimony. Finally, as to the alleged shifting of the burden of proof, the trial court's comment, when taken in context, was simply an attempt to expedite the proceedings. That is, the evidence against defendant was substantial and the court did not feel it was necessary for the prosecution to review the proofs and relate the evidence to the elements of the crimes in order to support findings of guilt. Instead, the court desired to skip directly to defendant's closing argument. That did not amount to a shifting of the burden of proof.

*People v. Taylor,* No. 261722, 2006 WL 1628739, at *2.

Petitioner's first claim, that the trial court impermissibly shifted the burden of proof to the defense, is without merit. The constitution requires the state to prove every element of an offense beyond a reasonable doubt, and that the burden of proof may not be shifted to the defendant. *See Patterson v. New York,* 432 U.S. 197, 215 (1977); *Mullaney v. Wilbur,* 421 U.S. 684 (1975); *In re Winship,* 397 U.S. 358, 364 (1970). The Michigan courts found that the trial court, in bypassing the prosecution's closing argument and asking defense counsel to give "one good reason why I should not convict your client as charged," did not, in fact, shift the burden of proof to the defendant. This factual finding by the Michigan court is presumed correct on habeas review, unless rebutted

9

by clear and convincing evidence. *See* 28 U.S.C. § 2254(e). There is ample support in the record for the Michigan court's factual finding that the trial court did not shift the burden of proof to the defendant. The Michigan court's denial of this claim is not an unreasonable application of clearly established United States Supreme Court precedent.

Petitioner also asserts that the trial judge went outside the record and impermissibly surmised what he might have done when asked to perform sex for money when he was seeking money for drugs. The Michigan Court of Appeals rejected this argument, and held that the trial judge's comments were part of his attempt to evaluate the defendant's credibility in light of the defendant's claim that he was in search of money for drugs and that he attacked the victim because the victim allegedly made a sexual advance, contrary to the victim's testimony that the defendant attacked him to take his money or car. The trial judge was the finder of fact in the bench trial and was therefore required to judge credibility. Petitioner has failed to carry his burden of showing that the Michigan court's factual determination with regard to this evidence was clearly erroneous. Petitioner has also failed to show that the trial court's method of evaluating credibility was either contrary to or an unreasonable application of clearly established federal law. Habeas relief is therefore unavailable on this claim.

Finally, petitioner asserts that the trial court improperly weighed his criminal past against him. When petitioner took the stand, the prosecution asked him if he had been convicted of a crime of theft or dishonesty (Tr. 103). The trial court stated that it appeared petitioner had an unarmed robbery conviction, but held that it was inadmissable because it was outside the ten-year period allowed under Mich. Rules Evid. 609(c) (Tr. 103). Petitioner asserts that, nonetheless, the trial court impermissibly relied upon this conviction in determining his guilt because the trial judge

10

stated on the record that "I have to decide whether to believe the complainant who comes into court

with no baggage and really has no reason to lie" or the defendant (Tr. 109).

> The Michigan Court of Appeals rejected this argument as contradicted by the record:

>> Moreover, the record does not support defendant's claim that the trial
>> court considered his prior criminal record. In fact, the trial court
>> specifically ruled that defendant's record was not admissible into
>> evidence. Further, the court made no reference to defendant's
>> criminal history in ruling on evidence.

*People v. Taylor,* No. 261722, 2006 WL 1628739, at *2.  This factual finding is presumed correct

on habeas review unless rebutted by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e).  Aside

from the trial judge's statement in his credibility findings that the victim came into court without

"baggage," there is nothing in the record to suggest that the trial court considered petitioner's

conviction in determining his guilt.  Petitioner therefore has failed to carry his burden of providing

clear and convincing evidence to rebut the presumption of correctness afforded the state court's

factual findings.

> Even if the Michigan court had misapplied the Michigan evidence rules, this court

is aware of no clearly established federal law that would be violated by the trial court's action.

Petitioner's argument is essentially that the Michigan courts misapplied Rule 609 of the Michigan

Rules of Evidence.  To the extent that a habeas claim based upon state law, it fails to state a claim

upon which habeas corpus relief may be granted.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990);

*Danner v. Motley*, 448 F.3d 372, 375-76 (6th Cir. 2006).  Habeas review of evidentiary rulings based

on state law is "extremely limited." *Giles v. Schotten*, 449 F.3d 698, 704 (6th Cir. 2006), *quoting*

*Jordan v. Hurley*, 397 F.3d 360, 362 (6th Cir. 2005).  A federal court may not second-guess a state

court's interpretation of its own procedural and evidentiary rules. *See Allen v. Morris*, 845 F.2d 610,

614 (6th Cir. 1988). An issue concerning the admissibility of evidence or error in state law is not reviewable unless it is so egregious that the petitioner was denied a fair trial. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis*, 497 U.S. at 780; *Foley v. Parker*, 488 F.3d 377, 384 (6th Cir. 2007); *Giles*, 449 F.3d at 704. Petitioner points to no clearly established federal law that forbids the use of a felony conviction of greater than ten years in evaluating a defendant's credibility. Nor did the trial court's evidentiary rulings deny petitioner a fair trial. Petitioner has therefore failed to establish that the state courts' rulings on this issue were contrary to or an unreasonable application of clearly established federal law. Habeas relief is therefore unavailable on this claim.

### CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, reasonable jurists would not debate the conclusion that this court may not issue the writ of habeas corpus because the state court judgment rests upon an adequate and independent state law ground or that the claims in the petition lack merit. The court will therefore deny a certificate of appealability.

12

**ORDER**

For the reasons stated above,

IT IS ORDERED that the petition in this matter is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

S/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 21, 2011
        Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager to Judge Friedman